**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-6214**

———————

KESTER IGEMHOKHAI OBOMIGHIE,

              Petitioner - Appellant,

     v.

UNITED STATES OF AMERICA,

              Respondent - Appellee.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen Lipton Hollander, District Judge. (1:11-cv-00746-ELH)

———————

Submitted: April 16, 2012         Decided: May 10, 2012

———————

Before MOTZ, KING, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Kester Igemhokhai Obomighie, Appellant Pro Se. Richard Charles Kay, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kester Igemhokhai Obomighie appeals a district court order denying his petition for a writ of error coram nobis. Obomighie was seeking to have his 1993 conviction for credit card fraud vacated in light of the ruling announced in Padilla v. Kentucky, 130 S. Ct. 1473 (2010). We affirm.

The denial of a writ of error coram nobis is reviewed de novo. See Pilla v. United States, 668 F.3d 368, 372 (6th Cir. 2012). In order to be entitled to relief, a petitioner must show that: (1) "a more usual remedy is unavailable;" (2) "valid reasons exist for not attacking his conviction earlier;" (3) "adverse consequences flow from the conviction so that there exists a case or controversy;" and (4) "the error is of the most fundamental character." Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987).

We have reviewed the record and deny relief on two grounds. Obomighie failed to show counsel was ineffective because counsel could not have predicted that the offense would later be classified as an aggravated felony. Furthermore, it is clear from the transcript of the proceedings before the immigration judge that Obomighie was aware prior to his guilty plea that a conviction for credit card fraud could have some immigration consequences. In addition, we note that Obomighie has failed to show he was prejudiced by counsel's conduct or

2

that he will be free of any adverse consequences if the conviction is vacated. After Obomighie was found removable as a result of the credit card fraud conviction, the parties stipulated to administrative closure. The case was recalendared by the Department of Homeland Security after Obomighie was convicted of assault. The immigration judge found the offense was an aggravated felony and ordered that Obomighie be removed on that basis. Thus, even if Obomighie's credit card fraud conviction is vacated, the order of removal would still be in effect because he is still removable as a result of the assault conviction.

Accordingly, while we grant Obomighie's motion for leave to proceed in forma pauperis, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3