NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0481n.06

No. 12-1763

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*May 14, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| Brian Meek, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| David Bergh, Warden, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE: DAUGHTREY, ROGERS, and MCKEAGUE, Circuit Judges.

ROGERS, Circuit Judge. In Michigan state court, petitioner Brian Meek pled no contest to Criminal Sexual Conduct in the first- and second-degrees after he was charged with raping and inappropriately touching a 16-year-old girl. He now seeks habeas relief because he alleges his appellate attorney was ineffective, and that his trial attorney was ineffective and also violated the attorney–client privilege and the attorney's duty of loyalty to his client. He also seeks an evidentiary hearing on his claims. Because he suffered no prejudice from the actions of his attorneys, habeas relief is not appropriate.

The charges against Meek stemmed from the complaints of a 16-year-old girl, R.C., whose aunt was romantically involved with Meek. R.9-4 at 10, PageID #159. At Meek's request, R.C. and her 14-year-old sister began cleaning his house on a weekly basis beginning in the summer of 2001. *Id.* at 10–11, PageID #159–60. During the six-month period during which the girls routinely cleaned

the house, Meek exposed himself to R.C. and sexually assaulted her on multiple occasions. *Id.* at 13, 17, 26–27, PageID #162, 166, 175–76. On the date scheduled for trial, Meek accepted a plea offer and pled no contest to the Criminal Sexual Conduct charges. The terms of the plea agreement included the prosecutor's dropping three counts against Meek, including one count of first-degree criminal sexual conduct, and the capping of the potential sentence in the middle of the state guidelines range. *See* R.9-10 at 4, PageID #331. However, the plea occurred only after Meek's attorney, Paul Clark, made two sets of statements that form the basis of Meek's habeas case. First, Clark informed the court that Meek rejected a plea deal against attorney advice, stating "against my advice we are going to proceed to trial in this case." *Id.* at 3, PageID #330. He also stated "[Meek] has rejected those [plea] deals out of hand and again I'm covering the record for my own sake at this point. I believe he has made a huge mistake." *Id.* at 4, PageID #331. Second, during a short break, Clark made statements to Meek about Meek's eligibility for a work camp, which Meek claims amount to ineffective assistance of counsel. The exchange, which was recorded on the courtroom video, was as follows:

> 14:16:13     DEFENDANT: How about a strong recommendation for work release and counseling?
>
> 14:16:17     MR. CLARK: That will be up at the sentencing. The only recommendation there will be will be treatment, which would, it will not—Work release happens at the camps, it's a Department of Corrections, she doesn't have a say in it.

> 14:16:29    DEFENDANT:  She, she's going to recommend a camp as well?
>
> MR. CLARK:  She's going to recommend treatment.  Treatment means the camp.  She can't tell—she can't even say where to place you, but with treatment there are only certain facilities.

R. 6, DVD.  Meek claims that this exchange conveyed false information that caused him to accept the plea deal.  Therefore, according to Meek, his plea was not voluntary or knowing because Clark's ineffective assistance overcame his unwillingness to accept the plea deal.

After Meek entered his plea, but prior to sentencing, he hired a new attorney, Douglas Oliver. *See* R.9-12 at 3, PageID #351.  Oliver filed a Motion to Withdraw Plea, which was denied. *See id.* at 3–4, PageID #351–52.  Meek was then sentenced in state court to 10 to 30 years' incarceration for first-degree Criminal Sexual Conduct and 4 to 15 years for second-degree Criminal Sexual Conduct. *Id.* at 17–18, PageID #365–66.

Meek's court-appointed appellate attorney, Dory Baron, filed a Motion to Withdraw Plea Post-Judgment and a Motion for Resentencing.  Both motions were denied. *See* R.9-13 at 16, PageID #384.  The Michigan Court of Appeals denied leave to appeal on March 10, 2005, R.9-14 at 1, PageID #387, and the Michigan Supreme Court did the same on October 31, 2005.  R.9-15 at 1, PageID #406.  On January 30, 2006, the state supreme court also denied reconsideration.  R.1-9 at 1, PageID #84.  Meek petitioned the United States Supreme Court for a writ of certiorari, which was denied on June 26, 2006. *Meek v. Michigan*, 548 U.S. 910 (2006).

Meek subsequently retained attorney James S. Lawrence, who filed a Motion for Relief from Judgment in Oakland County Circuit Court. The substance of the motion claimed that Attorney Clark, the trial attorney, was ineffective for making false and incorrect statements regarding the effect of Meek's plea; that Clark's false statements regarding the effect of Meek's plea rendered that plea involuntary; that Clark's statements to the court violated the attorney–client privilege and rendered Meek's plea involuntary; that appellate attorney Baron was ineffective; and that Meek was entitled to have his legal issues heard. *See* R.1-3 at 2, PageID #72; Appellant's Br. at 5–6. That motion was denied by the trial court without a hearing. R.1-3, PageID #71. The court noted that, to avoid the imposition of a procedural default under Michigan Court Rule 6.508(D)(3), Meek was required to demonstrate good cause for the failure to raise his claims on appeal and actual prejudice stemming from the attorney actions supporting his claims. *Id.* at 1–2, PageID #71–72. It continued,

> Defendant acknowledged that he was satisfied with the advice of his attorney. Defendant acknowledged that he could opt for a jury trial and he would be presumed innocent until proven guilty. Defendant acknowledged that he understood any appeal from his conviction would be by application for leave to appeal and not by right. When asked if anyone threatened him to get him to plead no contest, Defendant responded "[n]o ma'am." When asked if it was his own choice to plead no contest, Defendant responded "[y]es ma'am." Given this evidence, Defendant has failed to demonstrate that his plea was involuntary or that he misunderstood his plea."

*Id.* at 3, PageID #73. At its conclusion, the trial court made clear that its analysis led to a procedural default:

> In order to obtain postappeal relief under MCR subchapter 6.500, it is Defendant's burden to demonstrate both "good cause" and "actual prejudice." MCR 6.508(D)(3)(a) and (b). Because Defendant has failed to demonstrate "actual prejudice" Defendant is not entitled to the relief requested and the Court need not address the good cause component.

*Id.* at 3–4, PageID #73–74. The Michigan Court of Appeals and Michigan Supreme Court both denied leave to appeal, citing Meek's failure to meet the cause-and-prejudice standard of Rule 6.508(D). R.1-4, PageID #75; R.1-5, PageID #76.

This appeal arises from a habeas corpus petition that was filed in the Eastern District of Michigan in May 2009. The district court dismissed the petition but issued a certificate of appealability on all claims. *Meek v. Bergh*, No. 09-11674, 2012 WL 1720514 (E.D. Mich. May 16, 2012).

By failing to raise his current claims on direct appeal, Meek procedurally defaulted those claims pursuant to Michigan Court Rule 6.508(D)(3). R.1-3, at 3–4, PageID #73–74. A four-step analysis is used to determine whether this court is prohibited from reviewing a petitioner's claims due to procedural default. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). The first three steps concern whether the petitioner defaulted in state court, while the last analyzes whether this court may disregard the state default. "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* "Second, the court must decide whether the state courts actually enforced the state procedural sanction." *Id.* "Third, the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim." *Id.* All three of these inquiries are satisfied by the Michigan trial court's denial of Meek's motion for relief from judgment for failure to meet the requirements of Michigan Court Rule 6.503(D)(3).

The Michigan Court Rules provide that a defendant is not entitled to relief if he:

(3) alleges grounds for relief . . . which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates

(a) good cause for failure to raise such grounds on appeal or in the prior motion and

(b) actual prejudice from the alleged irregularities that support the claim for relief. . . .

Mich. Ct. R. 6.503(D)(3). In the "last reasoned state court judgment rejecting the federal claim," *see Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991), the Michigan trial court denied Meek's motion for relief from judgment on the grounds that Meek failed to satisfy the cause-and-prejudice requirements of Rule 6.503(D)(3).[1] Although Meek claims that the state court did not "clearly and expressly" rely on procedural requirements or his failure to raise claims on appeal, as required by *Harris v. Reed*, 489 U.S. 255, 263 (1989), this argument lacks merit. The state court clearly relied upon Rule 6.503(D)'s procedural-default grounds in denying his motion. In *Guilmette v. Howes*, an en banc opinion of this court noted that Rule 6.508(D)(3) is a "procedural-default rule." 624 F.3d at 291. The Michigan state court, in denying Meek's motion, very clearly relied on this procedural default rule

---

[1] The Michigan appellate courts issued only brief orders affirming the trial court's denial of Meek's motion for relief from judgment. "If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground." *Ylst*, 501 U.S. at 803. Therefore, the trial court's denial of Meek's motion contains the reasoning applicable to the procedural default question. *See Guilmette v. Howes*, 624 F.3d 286, 291–92 (6th Cir. 2010) (en banc).

when it held that "Defendant has failed to demonstrate actual prejudice," citing Rule 6.508(D)(3). R.1-3, at 3–4, PageID #73–74. Applying the first three *Maupin* factors, the procedural rule applied, was enforced, and formed an adequate and independent state ground for foreclosing federal review.

The fourth factor governing this court's ability to review a claim subject to a state procedural default provides that such a default may be excused if the petitioner can show either that there was cause for and prejudice stemming from his failure to raise his claims properly in the state proceedings, or that the federal court's failure to review his claims would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. Meek cannot overcome his procedural default, because he cannot satisfy either the cause-and-prejudice exception or fundamental-miscarriage-of-justice exception.

Meek's claim that his counsel was ineffective lacks merit because Meek cannot show prejudice. Where, as here, the petitioner contends that ineffective assistance of appellate counsel provides the cause for the default, the counsel's actions and the consequences of those actions must satisfy the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Meek fails to establish that appellate counsel's performance, assuming it was deficient, caused him prejudice. *See Strickland*, 466 U.S. at 687. Where an attorney fails to brief issues, deficient performance of appellate counsel requires a showing that the attorney "failed to discover nonfrivolous issues and to file a merits brief raising them." *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Such deficient performance is deemed to prejudice the petitioner if he can "show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal."

*Id.* Here, because Meek's claims of trial counsel's ineffective assistance lack merit and there is not a reasonable probability that Meek would have prevailed if the claims were raised on appeal, appellate attorney Baron's performance was not ineffective under the *Strickland* standard.

Meek claims that trial attorney Clark provided ineffective assistance because he overcame Meek's unwillingness to plead guilty by making "false and incorrect statements" about Meek's questions related to his punishment—statements that led Meek to believe he would be eligible for treatment at a work camp. On appeal from a conviction based on a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Meek stresses that trial counsel's answers to his questions were "of great importance to his decision whether to take the plea offer." Appellant's Br. at 26–27. However, this court's inquiry is objective, rather than subjective—a petitioner cannot simply assert that he would have gone to trial were it not for the deficient performance of his attorney. *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012). "[T]o obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010). Even without any misinformation conveyed by Clark, it would not have been rational for Meek to proceed to trial. As the district court noted,

> First, the evidence against Petitioner was substantial, and there was a strong likelihood that he would have been convicted as charged if he had gone to trial. By pleading no contest, Petitioner was able to have three counts, including one count of first-degree criminal sexual conduct, dismissed.

> Second, the plea agreement contained a favorable sentencing provision: the trial court agreed to sentence Petitioner at the middle to bottom of the sentencing guideline range. Petitioner could have been sentenced to eleven more years than what the plea agreement called for if he had gone to trial and been convicted as charged. The prosecutor, moreover, considered asking the trial court to exceed the sentencing guidelines and to sentence Petitioner to a minimum sentence of thirty years in prison if Petitioner were convicted at trial.

*Meek*, 2012 WL 1720514 at *5 (internal citations omitted). Because of the likelihood of a conviction at trial and the significant reduction in punishment afforded by the plea agreement, proceeding to trial would have been irrational on Meek's part. Because Clark was not ineffective, Baron's failure to raise the non-meritorious claim precludes a finding of ineffectiveness of appellate counsel on this claim.

Nor was Meek's plea made involuntary by Clark's comments about work camps. Meek argues that his reliance on Clark's advice regarding work camps made his plea involuntary and thus invalid. However, Meek's plea was voluntary because he was aware of the "relevant circumstances and likely consequences," as he attested to in his colloquy. *See King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994). His failure to receive the sentence he preferred does not make his plea involuntary when he knew that the sentence he received was a possible outcome of his plea.

Clark told Meek that the trial judge would recommend treatment and wrongly stated that "treatment means the camp." This statement was factually incorrect in Meek's case because he was not eligible for work release or placement in a camp. Mich. Comp. Laws § 769.2a. However, Clark did not guarantee Meek that he would receive his desired punishment of "work release and counseling." Indeed, he told Meek that "[the judge] can't tell—she can't say where to place you, but

with treatment there are only certain facilities." This statement should have indicated to Meek that

the trial judge did not have the ultimate say in prison placements. Indeed, during his plea colloquy,

Meek demonstrated that he understood that the judge had not yet determined the sentence. The court

said "[p]ursuant to the case of [*People v. Cobbs*, 443 Mich. 276 (1993),] I've agreed with your

attorney based on the information I know at this time to cap your prison sentence at the middle of

the guidelines. It would not be higher than whatever the middle of the guidelines are. Those

guidelines will be determined on the date of trial. We have a rough idea of what they are but not

certain. Do you understand that?" Meek responded, "Yes, ma'am." R.9-10 at 11, PageID #338.

Meek also averred that his plea was not "a result of promises or threats that have not been disclosed

to the Court," that he was not threatened in order to secure his plea, and that it was his choice to enter

the plea. *Id.* at 13, PageID #340.

A plea-proceeding transcript that suggests that a plea was made voluntarily and intelligently

creates a "heavy burden" for a petitioner seeking to overturn his plea. *Garcia v. Johnson*, 991 F.2d

324, 326–28 (6th Cir. 1993). Meek does not suggest that he was unaware that the sentencing court

had discretion to reject any treatment recommendations it received, and "it is well-settled that post-

sentencing 'buyer's remorse' is not a valid basis on which to dissolve a plea agreement and the fact

that a defendant finds himself faced with a stiffer sentence than he had anticipated is not a fair and

just reason for abandoning a guilty plea." *See Moreno-Espada v. United States*, 666 F.3d 60, 67 (1st

Cir. 2012); *see also United States v. Wilson*, 351 F. App'x 94, 96 (6th Cir. 2009). Meek has not met

the "heavy burden" required to succeed on this claim. Because this claim lacks merit, attorney Baron was not ineffective in failing to raise it on appeal in state court.

Meek's final claim is that attorney Clark violated the attorney-client privilege and breached his duty of loyalty by making statements to the court indicating Meek's rejection of the plea deals "out of hand" and Clark's views that such rejection was unwise. As the district court noted, it was necessary to inform the trial court that Meek wanted to proceed to trial, and telling the court that Clark believed Meek was making a mistake did not lead to a less favorable outcome. *Meek*, 2012 WL 1720514 at *8–9. Nothing in Clark's statements functioned to render Meek's plea involuntary. As discussed above, the evidence against Meek was substantial, and he has not produced evidence sufficient to overcome the "heavy burden" created by the plea-proceeding transcript. This claim lacks merit, and Meek's appellate counsel was not ineffective for failing to raise it.

Meek cannot show that there has been a fundamental miscarriage of justice that compels this court to excuse his procedural default. A procedural default may be excused if the constitutional error alleged resulted in a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995). This narrow exception is only available "[i]f a petitioner presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent." *Rust v. Zent*, 17 F.3d 155, 162 (6th Cir. 1994). However, the showing of actual innocence must be supported by "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. The possibility of evidence in this case undermining the character of the victim, *see*

Appellant's Reply Br. at 13, does not satisfy the extremely high threshold suggested by *Schlup* and *Rust*.

Meek's claims fail because he cannot show cause—ineffective assistance of appellate counsel—to excuse the state-court default of his claims relating to the assistance of his trial counsel. He was not prejudiced by his trial counsel's advice, nor did that advice or the statements counsel made relating to Meek's plea render the plea involuntary. We therefore affirm the district court's denials of Meek's petition for a writ of habeas corpus and motion for an evidentiary hearing.