**NOT RECOMMENDED FOR PUBLICATION**
File Name: 17a0028n.06

No. 15-5473

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jan 13, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DECORNICK MOORE, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| UNITED STATES OF AMERICA, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE: SILER, BATCHELDER, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Petitioner Decornick Moore seeks to vacate his federal drug conspiracy conviction because his defense counsel erroneously told him during plea negotiations that the statutory minimum and maximum for his offense were ten years and life—in truth, they were five years and forty years. The district court denied petitioner's motion to vacate, holding that he failed to establish that this change in information would have caused him to reject his plea agreement and proceed to trial. We agree and affirm.

I.

The government indicted Decornick Moore and twelve others on one count of conspiracy to manufacture, distribute, and possess with intent to distribute more than 280 grams of cocaine base, to distribute and possess with intent to distribute more than five kilograms of cocaine, and

to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. During plea negotiations, Moore's counsel advised him that the statutory minimum and maximum penalties for the alleged offense would be ten years and life in prison. *See* 21 U.S.C. § 841(b)(1)(A)(ii) and (iii).

Moore elected to plead guilty. In exchange, the government agreed to drop charges against him in two related drug conspiracy cases. It also agreed that Moore would be entitled to a three-level reduction for acceptance of responsibility, that his sentencing range would be 140 to 175 months, and that it would recommend a 140-month sentence. Moore also negotiated the right to withdraw his plea if the district court sentenced him above 140 months, while also retaining the right to argue for a lesser sentence under 18 U.S.C. § 3553(a). At the change of plea hearing, the district court also informed Moore that the statutory minimum and maximum penalty for his alleged offense was ten years and life in prison.

After Moore pleaded guilty, the probation department determined that, based on the amount of drugs he personally trafficked (2.79 kilograms of cocaine and 170 grams of cocaine base), his statutory bookends were actually five years and forty years. *See* § 841(b)(1)(B)(ii) and (iii). With those statutory outer limits in mind, the district court sentenced Moore to 140 months.

Moore timely filed this § 2255 motion, claiming ineffective assistance of counsel based on the misinformation he received regarding the statutory minimum and maximum. The district court denied the motion, holding that Moore "failed to establish a reasonable probability that he would have pleaded differently had he been aware of the correct mandatory minimum at the change of plea hearing." "Absent a showing of prejudice," the district court held, "Moore [fell] short of demonstrating ineffective assistance of counsel." The district court also denied a certificate of appealability.

Petitioner appealed. This court granted a certificate "as to Moore's claims that defense counsel provided ineffective assistance of counsel with respect to the misinformation about the minimum and maximum penalties and that this misinformation rendered his guilty plea unknowing and involuntary." *Moore v. United States*, No. 15-5473, at 2–3 (6th Cir. Dec. 18, 2015).

## II.

"We review the denial of a section 2255 motion de novo." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (italics omitted). De novo review also applies to claims of ineffective assistance of counsel. *United States v. Levenderis*, 806 F.3d 390, 401 (6th Cir. 2015).

## III.

Petitioner raises two issues on appeal: (1) whether defense counsel provided ineffective assistance of counsel by advising him that his statutory minimum and maximum was ten years and life in prison; and (2) whether the district court violated Federal Rule of Criminal Procedure 11 by doing the same. He also requests an evidentiary hearing.

### A.

A federal prisoner, like Moore, is entitled to have his sentence vacated under 28 U.S.C. § 2255 if he can establish a constitutional violation that had a substantial and injurious effect on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). Moore claims he was deprived of his Sixth Amendment right to the effective assistance of counsel. *See generally Strickland v. Washington*, 466 U.S. 668 (1984). To establish this claim, a defendant must show (1) deficient performance, i.e., that "counsel's representation fell below an objective standard of reasonableness," *id.* at 688; and (2) prejudice, i.e., "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at

694. In the guilty plea context, prejudice means that, "but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Because the district court denied Moore's motion under the prejudice prong of the *Strickland* inquiry, we begin our analysis there. *See Strickland*, 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant."). Echoing the *Strickland* standard, petitioner argues that but for counsel's erroneous advice, he would not have pleaded guilty. Why exactly, petitioner does not enlighten us. In his brief, he simply says, "If Moore were not harboring the false belief that he was potentially facing life imprisonment, he might not have pled guilty." That is not enough. *See Shimel v. Warren*, 838 F.3d 685, 698 (6th Cir. 2016) ("In the Sixth Circuit, a petitioner cannot make that showing merely by telling the court now that she would have gone to trial then if she had gotten different advice." (bracketing and quotation marks omitted)). Nor is it sufficient, as his counsel suggested at oral argument, to base a claim of prejudice on the mere opportunity to make the same decision again with different information. Moore must demonstrate a reasonable likelihood that, had he known the true statutory minimum and maximum, he would have, in fact, rejected the plea and proceeded to trial. *Hill*, 474 U.S. at 59. Our review of the record persuades us that Moore cannot meet this standard.

The standard for prejudice in this context is objective. *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012). Thus, "to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). A rational person would consider, not just the advantages of proceeding to trial (the prospect of a possible, though

unlikely, lighter sentence), but also the disadvantages.  And here the disadvantages abound:  the prosecutor's promise not to proceed on charges in two other criminal drug trafficking cases; the three-level reduction for acceptance of responsibility; the stipulated sentencing range of 140 to 175 months; the promise not to recommend a sentence higher than 140 months; and the effective maximum sentence of 140 months—all of these benefits would have been lost if Moore chose to go to trial.  He fails to account for this other side of the equation, as a rational defendant would.

Even as it relates to the specific changes in the minimum and maximum terms, Moore's case for prejudice does not add up.  Beginning with the statutory maximum, when he pleaded guilty, petitioner believed his maximum was life in prison.  But, that is not all he knew.  He also knew that his effective maximum sentence under the plea agreement was 140 months.  Given the substantial difference between 140 months and 480 months or life, there is no reason to believe the change in statutory maximum from life to forty years would have been decisive in a rational defendant's calculus in deciding whether to plead guilty under the plea agreement.  At oral argument, Moore's counsel stressed that he was a young father who hoped to one day be able to see his children again—all the more reason, in our view, to accept the plea agreement with a roughly twelve-year cap instead of a possible *forty-year* maximum.

Regarding the statutory minimum and the difference between the five- and ten-year floor, it is instructive to consider "whether correction of the deficient performance might have enabled the defendant to succeed at trial," *Hodges v. Colson*, 727 F.3d 517, 538 (6th Cir. 2013), with success in this context being defined as receiving a sentence between five and ten years.  To the extent petitioner's case for prejudice is based on his hope of receiving a sentence between five and ten years, he fails to account for the anchoring effect of the Guidelines range.  *See Peugh v. United States*, 133 S. Ct. 2072, 2083 (2013) ("[S]entencing decisions are anchored by the

Guidelines."). Moore's prejudice argument ignores the gravitational pull of the Guidelines range and assumes that a district court would vary downward and impose a sentence substantially below the Guidelines range. *Cf. id.* at 2084 (stating "the Guidelines [are] the lodestone of sentencing"). That is irreconcilable with our duty to evaluate prejudice objectively and rationally. *Pilla*, 668 F.3d at 373; *Padilla*, 559 U.S. at 372. At the very least, petitioner makes no effort at explaining why a district court would find his case to be one of those unusual instances where the Guidelines range does not sufficiently account for the federal sentencing objectives. *See Freeman v. United States*, 564 U.S. 522, 529 (2011) (plurality) ("In the usual sentencing . . . the judge will use the Guidelines range as the starting point in the analysis and impose a sentence within the range.").

In sum, in the federal sentencing scheme, the Guidelines are what matters. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016) ("[T]he Guidelines are not only the starting point for most federal sentencing proceedings but also the lodestar."). From that perspective, the benefit of a guaranteed 140-month sentence far outweighs any irrational fear of life imprisonment or irrational hope of prevailing at trial or receiving a sentence between five and ten years. In light of the low probability that defendant would actually receive a sentence between five and ten years, coupled with the much greater chance defendant would receive a sentence within the Guidelines range (which, according to the government, would likely have increased to 188 to 235 months without the acceptance of responsibility reduction), not only would it have been irrational to forego the plea agreement, it is not reasonably probable that petitioner would have done so.

For these reasons, petitioner has failed to establish prejudice and, consequently, ineffective assistance of counsel. The district court correctly denied Moore's § 2255 motion.

B.

Petitioner also argues that the district court violated Rule 11 by providing him the same faulty information. *See* Fed. R. Crim. P. 11(b)(1)(H), (I) ("[T]he court must inform the defendant of, and determine that the defendant understands . . . any maximum possible penalty [and] any mandatory minimum penalty[.]"). This claim is outside the scope of our limited review, since our certificate of appealability referenced only petitioner's ineffective assistance of counsel claim. *See Moore*, No. 15-5473, at 2–3; *Hill v. Mitchell*, 400 F.3d 308, 329 (6th Cir. 2005) (stating that "Congress has not given us authority to address [a] claim" not specified in the certificate of appealability). Even assuming the issue was properly before us, it would fail because it is procedurally defaulted, and petitioner did not attempt to demonstrate "cause" and "prejudice" for the procedural default below. *See Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001) (a claim not raised on direct appeal constitutes procedural default and "absent a showing of cause and prejudice . . . , [such a claim] cannot give rise to relief under § 2255."). Even overlooking procedural default, in order to obtain relief from an unpreserved Rule 11 error (on direct appeal, no less), "the defendant [must] show that but for the error, he would not have pleaded guilty." *United States v. Martin*, 668 F.3d 787, 791 (6th Cir. 2012). Thus, this claim would fail for precisely the same reason as his ineffective assistance of counsel claim does: failure to establish prejudice.

C.

Finally, petitioner is not entitled to an evidentiary hearing for the same reasons he has not established prejudice. Simply put, Moore alleges no facts—other than his self-serving, conclusory statement—indicating that he would have gone to trial had he known the statutory minimum and maximum were five years and forty years. *See Valentine v. United States*,

-7-

488 F.3d 325, 333 (6th Cir. 2007) ("[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are . . . inherently incredible[] or conclusions rather than statements of fact.") (citation omitted).

IV.

The judgment of the district court is affirmed.