**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6171**

MARY COLON, a/k/a Sophia,

Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  James C. Cacheris, Senior District Judge.  (1:12-cr-00204-JCC-1)

Submitted:  December 14, 2017                     Decided:  January 10, 2018

Before MOTZ, TRAXLER, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charlie E. Carrillo, CARRILLO & CARRILLO, LLC, Frederick, Maryland, for Appellant.  Dana J. Boente, United States Attorney, Michael J. Songer, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mary Colon appeals the district court's order denying her petition for a writ of error coram nobis. Colon maintained in her petition that she was denied the effective assistance of counsel in connection with her guilty plea pursuant to a plea agreement to conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012), because trial counsel did not advise her prior to her plea that her conviction for this offense would result in mandatory removal from the United States. We affirm.

On appeal from the district court's denial of a petition for a writ of error coram nobis, we review factual findings for clear error, questions of law de novo, and the court's ultimate decision to deny the writ for an abuse of discretion. *Bereano v. United States*, 706 F.3d 568, 575 (4th Cir. 2013). Further, we may affirm on any ground apparent in the record. *United States ex rel. Drakeford v. Tuomey*, 792 F.3d 364, 375 (4th Cir. 2015).

Coram nobis is an extraordinary remedy that is available only under circumstances compelling relief in order to achieve justice. *United States v. Morgan*, 346 U.S. 502, 512-13 (1954). To obtain coram nobis relief, the petitioner must satisfy "four essential prerequisites." *Bereano*, 706 F.3d at 576. First, "a more usual remedy (such as habeas corpus) must be unavailable." *Id.* Second, there must be a "valid basis" for the petitioner having not attacked her conviction earlier. *Id.* Third, "the consequences flowing to the petitioner from [her] convictions must be sufficiently adverse to satisfy Article III's case

2

or controversy requirement." *Id*. Fourth and finally, "the error that is shown must be of the most fundamental character." *Id.* (internal quotation marks omitted).

We conclude after review of the record and the parties' briefs that Colon has failed to meet her burden to show that valid reasons exist for not attacking her conviction earlier. Although there is no firm limitation of time within which a writ of error coram nobis will lie, a petitioner seeking such relief is required to demonstrate that "sound reasons exist[] for failure to seek appropriate earlier relief." *Morgan*, 346 U.S. at 512. Colon could have raised her ineffective assistance challenge to her conviction through a post-plea, pre-sentencing motion to withdraw her guilty plea, *United States v. Ubakanma*, 215 F.3d 421, 424-25 (4th Cir. 2000), a direct appeal from the judgment of conviction, or a 28 U.S.C. § 2255 (2012) motion to vacate the conviction, *see United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010), but did not do so. Colon's subjective uncertainty regarding whether immigration authorities would initiate removal proceedings against her does not qualify as a valid reason for waiting over three years to challenge her conviction, *see Mendoza v. United States*, 690 F.3d 157, 160 (3d Cir. 2012), and we reject as without merit Colon's appellate argument that she could not file her coram nobis petition prior to the initiation of removal proceedings against her.

We further conclude that Colon's coram nobis effort fails at the fourth prerequisite because a fundamental error has not been established. Although a violation of the right to the effective assistance of counsel can qualify as a fundamental error for coram nobis purposes, *United States v. Akinsade*, 686 F.3d 248, 253-56 (4th Cir. 2012), Colon has not demonstrated that the decision to reject the plea bargain would have been rational under

3

the circumstances of her case, *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010); *see Pilla v. United States*, 668 F.3d 368, 370, 373 (6th Cir. 2012). We further reject as without merit Colon's appellate suggestion that she was prejudiced by counsel's assistance because rejection of the plea bargain would have allowed her the opportunity to attempt to obtain a different plea agreement that avoided the consequence of removal; Colon has not demonstrated a reasonable probability that she could have negotiated a plea agreement that did not affect her immigration status. *Cf. United States v. Swaby*, 855 F.3d 233, 241 (4th Cir. 2017) (recognizing that a defendant is prejudiced if there is a reasonable probability that she could have negotiated a plea agreement that did not affect her immigration status). Colon fails to establish prejudice resulting from counsel's performance and thus has not established a fundamental error entitling her to relief in the form of a writ of error coram nobis.

We therefore affirm the district court's judgment denying Colon's petition. *Colon v. United States*, No. 1:12-cr-00204-JCC-1 (E.D. Va. Dec. 13, 2016). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*