Ferber J. COLEMAN, Petitioner,

v.

W. Frank SMYTH, Jr., Superintendent,
Virginia State Penitentiary,
Respondent.

Misc. No. 2728.

United States District Court
E. D. Virginia,
Norfolk Division.

June 5, 1958.

**WALTER E. HOFFMAN**, District Judge.

Under the provisions of 28 U.S.C.A. § 2243, it is stated that "a court, justice or judge *entertaining* an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*" The statute has been construed to the end that it is not mandatory upon the court to "entertain" the application. Brown v. Allen, 344 U.S. 443, 463–465, 73 S.Ct. 397, 97 L.Ed. 469. Particularly is this true when the application and accompanying papers clearly show that the petition is without merit. Thomas v. State of Arizona, 356 U.S. 390, 78 S.Ct. 885, 2 L.Ed.2d 863. The instant proceeding falls within this classification.

Petitioner was indicted by a grand jury of Culpeper County under date of January 12, 1954, the form of said indictment reading in part as follows:

> "That Ferber J. Coleman, heretofore, to-wit, on or about the 4th day of January, 1954, in the said County of Culpeper, Virginia, feloniously did kill and murder one George Coleman, Sr., against the peace and dignity of the Commonwealth."

At the outset petitioner attacks the form of the indictment contending that the omission of the words "unlawful

act" and "with malice aforethought" constitutes a fatal defect. Manifestly this position is untenable. The indictment substantially follows the statutory short form as prescribed for homicide. Code of Virginia, 1950, § 19–140. It has been held sufficient in Hurd v. Commonwealth, 159 Va. 880, 165 S.E. 536; Maxwell v. Commonwealth, 167 Va. 490, 187 S.E. 506; and Hevener v. Commonwealth, 189 Va. 802, 54 S.E.2d 893, in which latter case the court held that technical common law words were no longer necessary by reason of the statute.

 Equally without merit is petitioner's insistence that the indictment fails to show the number and names of the grand jurors. The indictment states "The Grand Jurors of the Commonwealth of Virginia in and for the body of the County of Culpeper and now attending the said Court on January 12, 1954, upon their oaths present * * *." It is endorsed "True Bill, J. W. Button, Foreman, 1–12–54." The order entered on February 23, 1954, the date of trial, makes reference to a "lawful empaneled grand jury." While the petition and exhibits do not reveal the names and number of grand jurors in attendance, this is not to suggest that this information is not available in the records of the Circuit Court of Culpeper County. There is a presumption of regularity which cannot be overcome by a mere suggestion on the part of petitioner.

 For like reasons the contentions that there is nothing in the record to show that any petit jury process was ever issued and any petit jury ever summoned according to the statute must fail. Again the order of February 23, 1954, recites that "a lawfully empaneled jury was duly sworn." There is nothing in the statute which requires the listing of the names of the jurors in any formal order relating to any particular case. The two page transcript of the proceedings submitted as an exhibit by petitioner reveals that the jurors were examined on the *voir dire*. The records disclosing the manner of summoning and selecting the jurors are undoubtedly available in the clerk's office of the trial court, and to permit the use of habeas corpus for the purpose of going back of a record which indicates that a "lawfully empaneled jury was duly sworn" would clog the courts with frivolous allegations from disgruntled prisoners. Furthermore, § 19–176, Code of Virginia, 1950, provides that:

> "* * * no judgment shall be arrested or reversed for the failure of the record to show that there was a *venire facias*, unless made a ground of exception in the trial court before the swearing of the jury."

The same statute has been applied to the method of empanelling the jurors. Cox v. Commonwealth, 186 Va. 798, 44 S.E.2d 363. Additionally, it should be noted that, following the receipt of the verdict, a poll of the jury was waived.

The petitioner was brought on for trial on February 23, 1954, and, upon arraignment, tendered a plea of not guilty. Petitioner stated that he did not desire the services of counsel and elected to represent himself. Despite this fact, in conformity with the Virginia statute, the court advised petitioner of his legal rights and informed him that the court had appointed able counsel to assist him; that counsel would be present and ready to assist him throughout the entire proceedings upon request; all of which was satisfactory to petitioner. To what extent counsel assisted the petitioner is unknown, but the record does reveal that, subsequent to the rendition of the verdict, counsel moved to set aside the verdict and requested oral argument on the motion. Prior to the date fixed for oral argument of the motion, an order was entered on March 19, 1954, reading in part as follows:

> "And the accused having in the meantime conferred personally with his court appointed counsel, and having written the court that he did not desire to insist upon the said motion, and stated personally in open

court this day that he wished to withdraw the motion to set aside the verdict and requested the court to pronounce sentence, and did not desire further assistance of counsel. The letters from the said Ferber J. Coleman and his court appointed attorney are filed with the papers in this cause."

No writ of error was sought from the sentence of 99 years imposed by reason of the jury's verdict.

■■ Petitioner insists that he was put upon trial for a capital offense without the *assistance* of counsel, although he concedes that he was not *denied* the right of counsel and admits the offer of assistance. It is well settled that an accused may intelligently waive the right of counsel. Adams v. United States, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268. Under the circumstances of this case, there is nothing more that the court could do. Indeed, to force an accused, over his objection, to accept active assistance from counsel might well be error for it is an inherent right of one accused of crime to defend himself. While the recent case of Moore v. State of Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167, decided December 9, 1957, casts some doubt upon the meaning of an "intelligent waiver", the court is not called upon to force an accused to permit active participation by a court-appointed attorney. If petitioner's theory be accepted, it would mean that a person accused of crime could always secure two trials by adopting the tactics employed herein by petitioner.

■ The main force of petitioner's final point is his allegation of disqualification of the juror, Loving, who thereafter was selected as foreman by his fellow jurors. In the brief transcript accompanying the petition, the following preliminary appears in the questions propounded to the jurors upon the *voir dire:*

"The Court: Have any of you formed or expressed any opinion as to the guilt or innocence of one Ferber J. Coleman, who stands here charged with a felony?

(The venire answered in the negative.)

"The Court: Do any of you know of any reason why you cannot give him a fair and impartial trial according to the law and the evidence?

"A Juror: I know of no reason, but I and George Coleman were in business together quite a few years.

"The Court: Do you think that would in any way influence your desire or decision in giving both the Commonwealth and the accused a fair and impartial trial, according to the law and the evidence?

"A Juror: No, Sir."

Following this colloquy another juror expressed the belief that his friendship for the deceased's son would perhaps affect his judgment, and this juror was excused.

The petitioner had the privilege of striking four jurors, but apparently did not see fit to eliminate Loving, the juror who stated that he was in business with the victim of the crime for quite a few years. Perhaps petitioner had concluded that this business relationship may not have been too harmonious and the juror would feel sympathetic toward the accused. The reasons for not exercising the privilege of striking this juror are not apparent and, while the better practice may lead to the conclusion that this juror should have been excused by the court, there is no provision in the Virginia law which disqualifies a juror from service under such a set of facts. In Slade v. Commonwealth, 155 Va. 1099, 1106, 156 S.E. 388, 391, it is said:

"The finding of a trial court that a juror is competent after an examination on his *voir dire* ought not to be set aside unless * * * the juror's examination shows conclusively that he has a disqualifying opinion."

To the same effect, see Hevener v. Commonwealth, supra.

 Upon habeas corpus the court examines only the power and authority of the court to act, and not the correctness of the court's conclusions. Harlan v. McGourin, 218 U.S. 442, 31 S.Ct. 44, 54 L.Ed. 1101; Hobson v. Youell, 177 Va. 906, 15 S.E.2d 76.

 Lastly, petitioner urges that unless the record shows that the accused, the court, and the attorney for the Commonwealth, all concur in allowing the accused to represent himself, it is a violation of § 8 of the Constitution of Virginia, the pertinent portion of which reads:

> "In criminal cases * * *, if the accused pleads not guilty, with his consent and the concurrence of the Commonwealth's attorney and of the court entered of record, *he may* * * * *waive a jury*."

We are asked to modify the foregoing language by eliminating the words "he may * * * waive a jury", and inserting in lieu thereof the words "he may represent himself". There is nothing in our State or Federal Constitutions which requires an accused to accept the aid of counsel. Fitzgerald v. Smyth, 194 Va. 681, 74 S.E.2d 810, 814; Stonebreaker v. Smyth, 187 Va. 250, 46 S.E. 2d 406; Adams v. United States, supra; Moore v. State of Michigan, supra.

 While it is true that, in exhausting his state court remedies, petitioner has not been accorded a formal hearing on his application, it is clear that such a hearing would add nothing to what is apparent from the record. Thomas v. State of Arizona, supra. In this regard the Court concurs with the conclusion expressed by the learned judge of the Circuit Court for the City of Clifton Forge who, in denying petitioner's motion for a writ of habeas corpus, declared "that the petition does not make out a proper case on its face to authorize the issuance of the writ". The petition as presented is a manifest abuse of the habeas corpus process.