Ferber J. COLEMAN, Appellant,

v.

W. Frank SMYTH, Jr., Superintendent, Virginia State Penitentiary, Appellee.

No. 7729.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 8, 1958.

Decided Oct. 10, 1958.

Charles W. Laughlin, Richmond, Va., for appellant. Ferber J. Coleman, pro se, on the brief.

Thomas M. Miller, Asst. Atty. Gen. of Virginia (A. S. Harrison, Jr., Atty. Gen. of Virginia, on the brief), for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and HARRY E. WATKINS, District Judge.

PER CURIAM.

The defendant was tried and convicted upon a charge of murder in the Circuit Court of Culpeper County, Virginia. Thereafter he filed a petition for a writ of habeas corpus in the Circuit Court

of Clifton Forge, Virginia. The Supreme Court of Appeals of Virginia denied a writ of error in an order in which it is recited that a transcript of the proceedings had been reviewed. The Supreme Court denied certiorari. 356 U.S. 923, 78 S.Ct. 708, 2 L.Ed.2d 718. The defendant then filed this petition for a writ of habeas corpus in the United States District Court for the Eastern District of Virginia. After consideration, Judge Hoffman filed a memorandum explaining his reasons for denying the writ and concluding that the petition is a "manifest abuse of the habeas corpus process." 166 F.Supp. 934, 938.

The prisoner complains that he did not have the assistance of counsel, but the transcript discloses that an able attorney was appointed to represent him, that the defendant generally refused legal assistance, that his rights were carefully explained to him and the trial judge went to the length of requiring the appointed counsel to remain in the courtroom throughout the trial to render such advice and assistance as the defendant would accept.

The defendant did request and receive the assistance of the appointed counsel when striking the jury. Nevertheless, he complains that one of the jurors who served had disclosed on his voir dire that for a number of years he had been a business associate of the murder victim, though he did not believe that fact would affect the impartiality of his judgment. The defendant did not challenge the juror for cause and chose to leave him on the jury when using his peremptory challenges. The victim was the defendant's step-father and the defendant evidently had reason to believe the juror would be more inclined in his favor than others on the panel.

For the reasons more fully stated in Judge Hoffman's careful memorandum, the petition was properly dismissed. Without a certificate of probable cause, the appeal to this Court will be dismissed.

Appeal dismissed.