# Richmond

JONN LINWOOD MORRIS v. W. FRANK SMYTH, JR., SUPERINTENDENT
OF THE VIRGINIA STATE PENITENTIARY.

June 12, 1961.

Record No. 5254.

Present, All the Justices.

Plaintiff in error appeared in his own behalf.

*Reno S. Harp, III, Assistant Attorney General (A. S. Harrison, Jr., Attorney General,* on brief), for the defendant in error.

Per Curiam.

In February, 1960, John Linwood Morris, an inmate of the Virginia State Penitentiary at Richmond, filed in the Hustings Court of the city of Richmond, Part II, a petition for a writ of habeas corpus attacking the validity of his detention in the State Penitentiary under a judgment of conviction in the Hustings Court

of the city of Richmond on June 13, 1958, upon an indictment for rape and two indictments for burglary. He alleged that upon the advice of a court-appointed attorney he pleaded not guilty to each indictment, waived trial by a jury, was tried by the court, and found guilty on each charge. After considering a presentence report, the petitioner was sentenced to confinement in the penitentiary for life on the charge of rape, and sentence on the two remaining convictions was suspended conditioned upon his good behavior for life.

In his petition he alleged that his conviction was invalid and in violation of the due process clause of the Fourteenth Amendment to the Federal Constitution, in that he was denied effective representation by counsel appointed to defend him. The substance of the petitioner's allegation is that after his appointment counsel interviewed him in jail "once" prior to the trial for a period of "about ten minutes;" that at that time the petitioner "informed him" of a witness whom he desired to be summoned on his behalf; that this witness was not summoned; and that at the time of the interview the petitioner informed his appointed counsel that a detective had assisted the prosecutrix in identifying him at the "lineup." Moreover, he said, during the trial, despite his protestations, the appointed counsel "never said a word" and took no part whatsoever in the proceedings.

No answer was filed by the respondent, nor was there any hearing on the allegations in the petition. On May 16, 1960, the lower court entered an order dismissing the petition, and to review that order the present writ was allowed.

It is well settled that the right of an accused to have effective assistance of counsel is guaranteed by the due process clause of the Federal Constitution and the Virginia Bill of Rights. *Hawk* v. *Olson*, 326 U. S. 271, 274, 66 S. Ct. 116, 118, 90 L. ed. 61; 14 Am. Jur., Criminal Law, § 167, p. 882 *ff.*, and Supplement; *Watkins* v. *Commonwealth*, 174 Va. 518, 522, 6 S. E. 2d 670, 671; *Fitzgerald* v. *Smyth*, 194 Va. 681, 690, 74 S. E. 2d 810, 816.

It is also well settled that where, as here, the well pleaded allegations of the petition are not denied they must be accepted as true. *Cash* v. *Culver*, 358, U. S. 633, 634, 79 S. Ct. 432, 3 L. ed. 2d 557; *Hawk* v. *Olson*, *supra*, 326 U. S., at page 273. Indeed, the Attorney General concedes in his brief that "if the facts he [petitioner] states are true, * * * he has presented a case wherein there is probable cause to believe that he is illegally detained." It follows that the petitioner was entitled to a hearing on the allegations in his petition.

Since the petitioner is detained in the State Penitentiary at Richmond, under the provisions of Code, § 8-596, as amended, the Hustings Court of the City of Richmond, Part II, as well as the Hustings Court of the City of Richmond, in which the original judgment of conviction was entered, had authority to issue the writ prayed for.

The Attorney General argues that the lower court was justified in dismissing the petition without a hearing, because, he says, it failed to "enumerate any and all previous applications of like nature and their disposition," as required by Code, § 8-596, as amended. In his reply brief the petitioner says that he failed to enumerate any previous applications because there were none.

But, in any event, the failure of the petition to state that there had been no previous applications of like nature did not warrant the lower court in dismissing the petition. This requirement is not jurisdictional. Its manifest purpose is to inform the court of "previous applications" in order that it may be enlightened as to the facts which may have been previously developed and which may be pertinent to the considerations and determination of the present petition.

Code, § 8-598, as amended, provides in part, "that in the event the allegations of illegality of the petitioner's detention present a case for the determination of unrecorded matters of fact relating to any previous judicial proceeding, such writ, if issued, shall be made returnable before the court in which such judicial proceeding occurred." Here, the petitioner's allegations present such a case.

The judgment dismissing the petition for a writ of habeas corpus is reversed and the case is remanded to the Hustings Court of the city of Richmond, Part II, with the direction that a writ be issued made returnable to the Hustings Court of the city of Richmond, in which the previous judicial proceeding occurred; that the respondent, or his successor in office, be permitted to file an answer to the petition; and that the petitioner may be accorded a hearing on the allegations in his petition.

*Reversed and remanded.*