**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 12-4335**

—————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

ISHMAEL AVIVE SANTIAGO,

             Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:11-cr-00287-BO-2)

—————————

Submitted: November 7, 2012     Decided: November 29, 2012

—————————

Before MOTZ, KING, and KEENAN, Circuit Judges.

—————————

Affirmed in part; dismissed in part by unpublished per curiam opinion.

—————————

Leza L. Driscoll, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ishmael Avive Santiago pled guilty, pursuant to a plea agreement, to conspiracy to interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951 (2006), and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2 (2006). The district court sentenced Santiago to fifty-one months' imprisonment on the first charge and eighty-four months' imprisonment on the second, to be served consecutively. On appeal, Santiago's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that she found no meritorious issues for appeal but questioning whether the district court erred in applying a four-level abduction enhancement. The Government has moved to dismiss Santiago's appeal, asserting that he waived the right to appeal his sentence in his plea agreement. We dismiss in part and affirm in part.

We review de novo whether a defendant has effectively waived his right to appeal. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). An appellate waiver must be "the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and citation omitted). To determine whether a waiver is knowing and

2

intelligent, this court examines the totality of the circumstances, including the defendant's experience, conduct, educational background, and familiarity with the plea agreement's terms. United States v. General, 278 F.3d 389, 400 (4th Cir. 2002). Generally, if a district court fully questions a defendant regarding the appellate waiver during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). However, this court will refuse to enforce an otherwise valid waiver if enforcing the waiver would result in a miscarriage of justice. Id.

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Santiago knowingly and voluntarily agreed to the waiver of appellate rights as set forth in the plea agreement. During the Rule 11 colloquy, the court reviewed the terms of the plea agreement with Santiago, including the waiver provision, and Santiago affirmed that he understood those terms. Additionally, Santiago does not contest the waiver's validity in his Anders brief or his response to the Government's motion to dismiss.

We next determine whether the issue Santiago seeks to raise on appeal falls within the appellate waiver's scope. Santiago's appellate waiver reserved the right to appeal only from a sentence in excess of the Guidelines range established at

sentencing. Because the district court imposed a sentence within the advisory Guidelines range, and Santiago challenges the district court's calculation of the Guidelines range, the issue Santiago seeks to raise on appeal falls squarely within the scope of the appellate waiver. Accordingly, we grant the Government's motion to dismiss Santiago's appeal of his sentence.

The waiver provision, however, does not preclude this court's review of Santiago's convictions pursuant to Anders. Prior to accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands: the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Additionally, the district court must ensure that the defendant's plea was voluntary and did not result from force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2). Because Santiago did not move to withdraw his guilty plea in the district court or raise any objections to the Rule 11 colloquy, we review the colloquy for plain error. United States v. Martinez, 277 F.3d 517, 524-27 (4th Cir. 2002).

We find that the district court substantially complied with Rule 11's requirements, and committed no error warranting correction on plain error review. In accordance with <u>Anders</u>, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm Santiago's convictions.

This court requires that counsel inform Santiago, in writing, of his right to petition the Supreme Court of the United States for further review. If Santiago requests that a petition be filed, but counsel believes that such petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Santiago. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>