SHEDD, Circuit Judge:
Harold W. Clarke, Director of the Virginia Department of Corrections, appeals the federal habeas corpus order vacating Rashaad Tiwania Jones’ state-court convictions and sentence. See Jones v. Clarke, 7 F.Supp.3d 626 (E.D.Va.2014). For the following reasons, we vacate that portion of the order granting habeas relief and remand for dismissal of the petition.[1]
I
Jones waived his jury trial right, and a Virginia state judge convicted him on charges of grand larceny and breaking and entering. Both charges arose from the theft of a television from- the home of Jereme Joseph. During trial, the Commonwealth presented two witnesses, Joseph and police investigator Karen Shuler. Jones did not testify or present evidence. The incriminating evidence against Jones was (and is) essentially unchallenged.
Joseph testified that in January 2010, while he was temporarily relocated from his Williamsburg, Virginia, house because it had flooded, someone broke a window in the back of the house and stole a television and other items from the bedroom. Approximately one month earlier, Jones had visited Joseph’s house with a mutual *990 friend. During that visit, Jones entered through the front door and remained in the family room.
After the theft occurred and Jones had been arrested, Jones called Joseph on the telephone. In response, Joseph visited Jones at jail and told him that his house had been broken into and the police knew he committed the crimes “because they had his fingerprints.” J.A. 29. Joseph asked Jones why he did it, and Jones responded that “he made a mistake or whatever and that’s what happened.” J.A. 22; see also J.A. 29 (Jones “just said it happened basically like that”).
Investigator Shuler testified that she investigated the break-in at Joseph’s house. She determined that the thief entered the house through the broken window, and she lifted several fingerprints from the window area. During her testimony, the Commonwealth introduced into evidence a fingerprint analysis certificate that indicated one of the fingerprints belonged to Jones. Investigator Shuler did not analyze the fingerprint or prepare the certificate, but Jones’ trial counsel did not object to the admission of the certificate or her testimony.
In her closing argument, Jones’ trial counsel argued that the case was “highly circumstantial” and that the fingerprint was the only item that connected Jones to the crime. J.A. 42. The trial judge acknowledged that the fingerprint evidence, without more, was insufficient to convict Jones. However, the judge explained that Jones’ statement to Joseph that he made a mistake “is an admission of guilt that he admits that he was there, that he was involved in it.” J.A. 43^4. Continuing, the judge stated that he suspected that other people may have also been involved in the crimes, but Jones “was certainly there and a participant.” J.A. 44. The judge then noted that “when you take the fingerprint and combine it with the recent visit and you combine it with the statement,” the evidence is sufficient to find Jones guilty beyond a reasonable doubt of breaking and entering and grand larceny. J.A. 44. Jones’ counsel responded by arguing that Jones’ “mistake” comment “could mean a number of things,” J.A. 44, but the judge rejected her interpretation, stating: “my interpretation is the fact was he acknowledged that it was a mistake, that he participated in this. That’s ... a finding of fact....” J.A. 44-45.
The trial judge sentenced Jones to two consecutive 15-year imprisonment terms but suspended 20 years, resulting in a 10-year sentence. The Virginia appellate courts denied Jones’ direct appeal, and the state supreme court denied his state habeas petition.
Pursuant to 28 U.S.C. § 2254, Jones then filed this federal habeas petition. Pertinent to this appeal, the district court granted habeas relief on one claim. Specifically, the court concluded that the Supreme Court of Virginia unreasonably applied Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in rejecting Jones’ ineffective assistance of counsel claim. Generally speaking, the court determined that trial counsel’s failure to object to the admission of the fingerprint evidence constituted deficient performance that prejudiced Jones. See generally Melendez-Diaz v. Massachusetts, 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009) (explaining Sixth Amendment confrontation right regarding laboratory analyst).[2] Accordingly, the *991 court vacated Jones’ convictions and sentence. We review the order granting habeas relief de novo. Richardson v. Branker, 668 F.3d 128, 138 (4th Cir.2012).
II
*299 We thoroughly have reviewed the relevant record, the district court’s order, and the reasons supporting its injunctive order. This review indicates that the district court has not pointed to the type of conduct or current harms that warrant § 10(j) relief. Instead, the district court relied in large part on generalizations to support its conclusion that the NLRB was entitled to an injunction. The district *300 court’s order fails to address adequately relevant and key facts in the case before it, including the three-year delay between the union’s filing of its complaint and the issuance of the injunction.
*991 “The essence of an ineffective-assistance claim is that counsel’s unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect.” Kimmelman v. Morrison, 477 U.S. 365, 374, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). In Strickland, 466 U.S. at 687, 104 S.Ct. 2052, the Court identified two necessary components of an ineffective assistance claim: “First, the defendant must show that counsel’s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the ‘counsel’ guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.”
The Supreme Court of Virginia adjudicated Jones’ ineffective assistance claim on the merits. The court noted that Jones argued (1) the fingerprint evidence was inadmissible without the testimony of the fingerprint analyst, (2) an objection by his counsel to the admission of the fingerprint evidence would have been sustained, and (3)the remaining evidence against him would be insufficient to support the conviction. However, the court rejected this claim, finding that Jones “failed to demonstrate that counsel’s performance was deficient or that there is a reasonable probability that, but for counsel’s alleged errors, the result of the proceeding would have been different.” J.A. 133-34.
Because the state supreme court adjudicated Jones’ claim-on the merits, a federal court may not grant habeas relief unless the adjudication “resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;” or “resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d). This “is a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.” Cullen v. Pinholster, — U.S. -, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011) (internal punctuation and citations omitted).
For purposes of this appeal, the “pivotal question is whether the state court’s application of the Strickland standard was unreasonable.” Harrington v. Richter, 562 U.S. 86, 101, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011). Under § 2254(d), an unreasonable application of federal law differs from an incorrect application of federal law, and a state court “must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself.” Harrington, 562 U.S. at 101, 131 S.Ct. 770.
As noted, Strickland requires a defendant claiming ineffective assistance to establish two components: deficient performance and prejudice. However, the Strickland Court explained that “there is no reason for a court deciding an ineffective assistance claim to ... address both components of the inquiry if the defendant makes an insufficient showing on one,” and *992 “[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed.” 466 U.S. at 697, 104 S.Ct. 2052. Consistent with this suggested approach, we will proceed directly to the prejudice component.
To establish prejudice under Strickland, a defendant “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” 466 U.S. at 694, 104 S.Ct. 2052. In the specific context of this case, Jones must establish there is a reasonable probability that, absent the alleged error, the trial judge “would have had a reasonable doubt respecting guilt.” Id. at 695, 104 S.Ct. 2052. Under Strickland, “[i]t is not enough for [Jones] to show that the errors had some conceivable effect on the outcome of the proceeding,” id. at 693, 104 S.Ct. 2052, and “the question is not whether a court can be certain counsel’s performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently,” Harrington, 562 U.S. at 111, 131 S.Ct. 770. In short, “Strickland asks whether it is ‘reasonably likely’ the result would have been different,” and the “likelihood of a different result must be substantial, not just conceivable.” Id. at 111-12, 131 S.Ct. 770.
Because Jones was convicted by the trial judge in a bench trial, we are privy to the factfinder’s view of the evidence supporting his guilt. Based on the trial judge’s comments, as well as our review of the evidence presented during trial, there are five main facts bearing on Jones’ guilt: (1) Joseph’s house window was broken; (2) the television was stolen from the house; (3) Jones visited the house a few weeks before the theft occurred; (4) Jones’ fingerprint was lifted from the broken window area; and (5) Jones stated, in response to Joseph’s question about why he committed the crime, that he “made a mistake or whatever and that’s what happened.” J.A. 22. The first two facts establish the corpus delicti of the charged crimes, and the other facts incriminate Jones.
Pointing to the trial judge’s comments that the fingerprint evidence — when combined with other evidence — was sufficient to establish guilt, Jones argues that the fingerprint evidence was essential to the guilty verdict, and without that evidence, there is a reasonable probability that he would have been acquitted. The district court viewed the record in similar fashion. See Jones, 7 F.Supp.3d at 633-34. However, when the trial judge’s comments about the fingerprint evidence are examined in context, it is clear that the judge was responding to Jones’ trial.counsel’s argument that the fingerprint was the only evidence connecting Jones to the crimes. See J.A. 42-44. The trial judge merely listed the incriminating facts to rebut Jones’ argument.
Having made that point, we readily acknowledge that the fingerprint evidence is strong evidence tending to establish Jones’ guilt, and we do not doubt that the trial judge relied on that evidence to reach his verdict. However, the mere fact of the trial judge’s reliance on that evidence does not establish Strickland prejudice. Rather, the determinative question for Strickland purposes is whether there is a reasonable probability that the trial judge would have had reasonable doubt respecting Jones’ guilt if the fingerprint evidence had been excluded.
We believe the answer to that question is “no.” The trial judge specifically found as a factual matter that Jones’ jailhouse *993 statement was an “admission of guilt.” J.A. 43. This factual finding is “presumed to be correct.” 28 U.S.C. § 2254(e)(1). Even if the fingerprint evidence is removed from the equation, the admission of guilt, in conjunction with the evidence establishing the corpus delicti and the evidence that Jones had recently visited Joseph’s house, is sufficient to establish Jones’ guilt of the charged crimes beyond a reasonable doubt. Although it is “conceivable” that the trial judge may have acquitted Jones without the fingerprint evidence, we do not believe that there is a “substantial” likelihood that the judge would have done so. More importantly, under these circumstances, and in light of our deferential standard of review, we cannot find that the state supreme court unreasonably concluded that Jones failed to establish Strickland prejudice.[3] Therefore, the district court erred in granting the habeas petition. ■
III
“As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court’s ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.” Harrington, 562 U.S. at 103, 131 S.Ct. 770. We hold that Jones has fallen well short of meeting this standard. Therefore, we vacate the portion of the habeas order granting relief, and we remand for the district court to dismiss the habeas petition.

VACATED AND REMANDED

. The district court denied relief on several claims, but Jones did not appeal, and those claims are not before us.

. Jones alleged several trial counsel errors in his ineffective assistance claim, but the district court focused on counsel’s failure to object to the admission of the fingerprint evidence. See Jones, 7 F.Supp.3d at 632 (“It is therefore apparent to the Court that counsel’s *991 decision not to object was deficient performanee under the first prong of Strickland.”).

. For analytical purposes only, we have assumed that a trial objection to admission of the fingerprint evidence would have resulted in its exclusion. However, that assumption is wholly speculative, as the Commonwealth could have requested an opportunity to procure the fingerprint analyst. Moreover, we note that Jones has not proffered any evidence to undermine the result of the fingerprint analysis. \