**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-6449**

UNITED STATES OF AMERICA,

　　　　　　　　Plaintiff – Appellee,

　　　　v.

ISHMAEL AVIVE SANTIAGO,

　　　　　　　　Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:11-cr-00287-BO-2; 5:13-cv-00796-BO)

Argued: October 27, 2015　　　　　　Decided: December 22, 2015

Before NIEMEYER and SHEDD, Circuit Judges, and M. Hannah LAUCK, United States District Judge for the Eastern District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED**: Christopher D. Smith, WEST VIRGINIA UNIVERSITY COLLEGE OF LAW, Morgantown, West Virginia, for Appellant. Seth Morgan Wood, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF**: Lawrence David Rosenberg, Washington, D.C., Stephanie D. Taylor, JONES DAY, Pittsburgh, Pennsylvania, for Appellant. Thomas G. Walker, United States Attorney, Jenifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ishmael Avive Santiago appeals the denial of his 28 U.S.C. § 2255 motion, arguing that his counsel rendered ineffective assistance at his Rule 11 hearing, at sentencing, and on appeal. See Strickland v. Washington, 466 U.S. 668 (1984). Because Santiago fails to show Strickland prejudice, we affirm.

                                    I.

Santiago was charged in a three-count indictment with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count 1); Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Count 2); and using and carrying a firearm and possessing a firearm in furtherance of a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c) and 2 (Count 3). These charges stem from the robbery of a Walgreens in Clayton, North Carolina, carried out by Santiago and his cousin, Rhaim.

As the two men entered the store, they wore bandanas over the lower portion of their faces and Rhaim was armed with an SKS rifle[1]. After they entered the store, Rhaim accosted a store clerk who was stocking merchandise, pointed his rifle at her,

_____

[1] Although not necessary for our decision, we note that Rhaim and Santiago both confessed to authorities that they mutually agreed, along with an unnamed juvenile male, to purchase a rifle and commit an armed robbery.

and demanded that she open the cash register. Upset that the clerk was taking too long, Rhaim struck her in the back of the head with the rifle and walked her to the cash register. Santiago and Rhaim absconded with less than $500. The store clerk suffered a laceration on the back of her head and was treated at the local hospital. Santiago turned himself in several days later and confessed his involvement in the robbery. In addition, authorities recovered a cell phone with images of Santiago and Rhaim posing with the gun and money after the robbery[2].

At Santiago's initial hearing before a magistrate judge, he was told that the § 924(c) count subjected him to "a penalty of not less than [five] years, no more than life imprisonment consecutive to any other sentence imposed." (S.J.A. 231). The magistrate judge asked if Santiago understood and Santiago responded affirmatively.

Prior to trial, Santiago decided to plead guilty to Counts 1 and 3 pursuant to a plea agreement. Relevant here, regarding Count 1, the plea agreement provided that Santiago would be entitled to a three-level reduction of his offense level due to acceptance of responsibility. As to Count 3, the plea agreement explained that Santiago faced a maximum term of imprisonment of

---

[2] The robbery was also caught on video surveillance.

4

"life, consecutive to any other term of imprisonment" and a minimum term of imprisonment of "[five] years, consecutive to any other term of imprisonment." (J.A. 212). Santiago also agreed, as part of the plea agreement, that:

> the Court will take into account, but is not bound by, the applicable United States Sentencing Guidelines, that the sentence has not yet been determined by the Court, that any estimate of the sentence received from any source is not a promise, and that even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw the plea of guilty.

(J.A. 212).

The district court conducted a Rule 11 colloquy prior to accepting Santiago's plea. During the colloquy, the court mistakenly stated that Count 3 "carries up to five years in prison . . . consecutive to any other prison time." (J.A. 27-28) (emphasis added). Neither the Government nor Santiago's attorney objected to this statement. The court also did not inform Santiago of the potential for an enhanced mandatory minimum under § 924(c)(1)(A).[3] After the court's misstatement, Santiago affirmed that he read and understood the plea agreement and that he had no additional questions. Santiago also affirmed that his counsel had explained the plea agreement and that his plea was

---

[3] Section 924(c) provides a mandatory minimum of five years if the defendant used and carried a firearm during a crime of violence, but also provides for an enhanced penalty of seven years if the firearm was brandished and ten years if the firearm was discharged. 18 U.S.C. § 924(c)(1)(A)(i-iii).

5

voluntary. At the end of the hearing, the court accepted the plea.

Following the Rule 11 hearing, the probation office prepared Santiago's Presentence Report (PSR). On Count 3, the PSR found that because the firearm was brandished during the robbery, § 924(c)(1)(A)(ii) applied. That statute provides for a mandatory minimum of seven years imprisonment (rather than five) if the firearm was brandished. Thus, the PSR recommended a guidelines range of 84 months on Count 3 consecutive to any sentence for Count 1. For Count 1, the PSR recommended a base offense level of 20, with a three-level enhancement for causing bodily injury, a four-level enhancement for abduction, and a three-level reduction for acceptance of responsibility. This calculation yielded a total offense level of 24 and a guidelines range of 51-63 months imprisonment. Without the three-level reduction for acceptance of responsibility provided by the plea agreement, Santiago faced an offense level of 27 and a corresponding guidelines range of 70-87 months imprisonment.

At sentencing, Santiago confirmed that he had received the PSR and had an opportunity to review it prior to the hearing. When asked twice if he had any comment on the PSR, Santiago deferred to counsel, who objected to the four-level abduction enhancement on Count 1. Neither Santiago nor his counsel mentioned the increase in the mandatory minimum from five years

6

to seven years and at no point did Santiago move to withdraw his plea. The district court overruled the objection to the abduction enhancement and sentenced Santiago to 51 months imprisonment on Count 1 and 84 months imprisonment on Count 3, to run consecutively.

Santiago filed a timely notice of appeal. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), but did ask us to review the four-level abduction enhancement. We issued a per curiam opinion affirming in part and dismissing in part. United States v. Santiago, 498 Fed. App'x 222 (4th Cir. 2012). In reviewing Santiago's guilty plea, we concluded that the district court "substantially complied with Rule 11's requirements, and committed no error warranting correction on plain error review." Id. at *224.

In November 2013, Santiago filed a motion to vacate his conviction under 28 U.S.C. § 2255. Santiago attached an affidavit alleging that his counsel was ineffective for failing to object to the district court's misstatement about the sentence and, consequently, his plea was unknowing as to Count 3. Santiago alleged that, had the district court's error not occurred, he would have pleaded not guilty on Count 3 and gone to trial and "likely would have received the 60 month sentence" for Count 3. (J.A. 67). The Government moved to dismiss, arguing that any error by the district court was cured by the plea

7

agreement, which correctly stated that five years was the statutory minimum, not the statutory maximum. The district court granted the motion to dismiss, concluding that counsel was not ineffective in failing to object at the Rule 11 hearing because the plea agreement had the proper terms. The court explained, "[Santiago] cannot meet the Strickland standard to show ineffective assistance of counsel as it is not objectively unreasonable to refuse to object to harmless error or pursue such a claim on appeal." (J.A. 119).

Santiago filed a timely appeal and this court issued the following certificate of appealability:

> We grant a certificate of appealability on Santiago's claim that his counsel, Leza Lee Driscoll, rendered ineffective assistance of counsel at the Fed. R. Crim. P. 11 hearing, at sentencing and on direct appeal for failing to object to or raise a claim concerning the district court's failure to advise Santiago of the correct mandatory minimum and maximum penalties he was facing for a violation of 18 U.S.C. § 924(c) (2012).

(J.A. 125).

II.

We review de novo the district court's decision on a motion to vacate under § 2255. United States v. Poindexter, 492 F.3d 263, 267 (4th Cir. 2007). "We are entitled to affirm on any ground appearing in the record, including theories not relied upon or rejected by the district court." United States v.

8

Flores-Granados, 783 F.3d 487, 491 (4th Cir. 2015) (internal quotation marks omitted).

To prevail on an ineffective assistance claim under Strickland, Santiago must satisfy "two necessary components." Jones v. Clarke, 783 F.3d 987, 991 (4th Cir. 2015). First, Santiago "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, Santiago "must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. The Strickland Court also made clear that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed," and we do so here. Id. at 697.

To establish Strickland prejudice, Santiago "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "Strickland asks whether it is 'reasonably likely' the result would have been different," and the "likelihood of a different

9

result must be substantial, not just conceivable." <u>Harrington v. Richter</u>, 562 U.S. 86, 111–12 (2011).

This prejudice analysis contains another layer in the context of a guilty plea. Because a guilty plea is a "solemn declaration[] in open court," it has "strong presumption of verity" that we will not set aside on "subsequent presentation of conclusory allegations unsupported by specifics." <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977). Because "a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea," <u>id.</u> at 71, "strict adherence to the <u>Strickland</u> standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage," <u>Premo v. Moore</u>, 562 U.S. 115, 125 (2011).

Thus, to establish a "reasonable likelihood" under <u>Strickland</u> in this context,[4] Santiago must show a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Id.</u> at 129 (internal quotation marks omitted). Importantly, Santiago must show both subjectively that he would have gone to trial and

---

[4] Santiago has three claims of ineffective assistance: at the Rule 11 hearing; at sentencing once the seven year mandatory minimum was adopted; and on appeal for failing to raise the Rule 11 violation. However, all three ultimately turn on Santiago's contention that he would have gone to trial if he had been aware of the seven year mandatory minimum.

that it would have been objectively reasonable to do so. United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012) (holding "what matters is whether proceeding to trial would have been objectively reasonable in light of all of the facts"). Santiago's "subjective preferences, therefore, are not dispositive." Id. As we recently explained:

> The challenger "cannot make that showing merely by telling [the court] now that [he] would have gone to trial then if [he] had gotten different advice." Pilla v. United States, 668 F.3d 368, 372 (6th Cir. 2012). In other words, to obtain relief from a guilty plea, the defendant must do more than allege he would have insisted on going to trial if counsel had not misadvised him as to the consequences of that decision. The "petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

Christian v. Ballard, 792 F.3d 427, 452 (4th Cir. 2015).

We readily acknowledge as a preliminary matter that the district court committed error when it stated that Santiago faced a maximum of five years imprisonment rather than a minimum of five years and that Santiago's counsel should have noticed this error and moved to correct it. Santiago's counsel also failed to recognize that the court did not inform Santiago of the potential for enhanced mandatory minimums under § 924(c).[5] It

---

[5] At the very least, it became apparent that Santiago faced a possible seven year mandatory minimum for brandishing when the Government, in putting the factual basis for the plea on the
(Continued)

11

is pellucid that "a district court's failure to alert a criminal defendant to a potential mandatory minimum sentence is a serious omission that strikes at the core of Rule 11." United States v. Massenburg, 564 F.3d 337, 346 (4th Cir. 2009); see also United States v. Hairston, 522 F.3d 336, 341-42 (4th Cir. 2008) (same). That Santiago's counsel failed to notice these errors, however, does not mean that Santiago was prejudiced by his counsel's failure.

"Pleading guilty generally involves a conscious decision to accept both the benefits and burdens of a bargain. That decision may not be lightly undone by buyer's remorse on the part of one who has reaped advantage from the purchase." Fugit, 703 F.3d at 260. Moreover, "[d]efendants plead guilty for various reasons, many of which are wholly unrelated to the length of a potential sentence." Massenburg, 564 F.3d at 344. Here, it would not have been rational for Santiago to go to trial given the strength of the Government's case against him and the benefits Santiago derived from the plea agreement. We have repeatedly noted that when the Government's case is strong, a defendant faces a nearly insurmountable obstacle to showing that it would have been rational to go to trial. Christian, 792 F.3d at 453 (noting not

record, stated that Santiago's co-defendant struck the clerk in the back of the head with the gun.

12

rational to reject plea when guilt was overwhelming), Fugit, 703 F.3d at 260 (same); Massenburg, 564 F.3d at 344 (noting when case was a "strong one" the court "can legitimately question what Massenburg would have to gain by going to trial").

The Government presented overwhelming evidence of Santiago's guilt. The robbery was on videotape, Santiago confessed to robbing the Walgreens with his cousin, and images depicted the two men posing with the gun and the money following the robbery. Santiago argues that he did not possess the gun that was brandished, but Count 3 charged Santiago with the § 924(c) violation and aiding and abetting. Santiago's defense that his cousin, with whom he committed the robbery, had actual possession of the gun is not a "rational defense" against an aiding and abetting § 924(c) charge. Pilla, 668 F.3d at 373.

In addition, there is no record evidence from Santiago's plea or sentencing hearings suggesting that Santiago would have moved to withdraw his plea if the correct information was provided. While the district court called the five-year term a maximum rather than a minimum, the plea agreement—which Santiago affirmed multiple times he had read—correctly referred to the five-year term as a mandatory minimum. Regarding the seven-year minimum recommended by the PSR, the district court specifically asked Santiago if he read the PSR and had any objections or comments on it. While the PSR "cannot cure the Rule 11 violation

13

in his case," Santiago's failure to take any action after learning of the seven year mandatory minimum provides "some evidence that he would have entered the plea regardless." Massenburg, 564 F.3d at 344.

Finally, as recounted above, the low-end of Santiago's guidelines range on Count 1 dropped from 70 months to 51 months as a result of the three-level reduction for acceptance of responsibility provided by the plea agreement. If Santiago had gone to trial, he would have faced the same mandatory minimum of seven years on Count 3, and, without the three-level reduction for acceptance of responsibility, he would have been looking at a longer sentence on Count 1. In effect, then, the "only consequence" of Santiago's decision to plead guilty rather than going to trial "is that [Santiago] got a shorter prison term than otherwise." Pilla, 668 F.3d at 373. That decision certainly did not prejudice Santiago.

Santiago's argument amounts to a presumption of Strickland prejudice in mandatory-minimum cases. We have rejected this position in the context of plain error, and we reject it again here. See Massenburg, 564 F.3d at 345 (noting "[a]bsent a presumption of prejudice, Massenburg is left only to appeal to our desire for an adjudicatory process that is free from error," and "[e]rrors are commonplace, . . . and our affection for procedural perfection cannot operate to the detriment of our

14

commitment to other, equally important, principles of adjudication").

III.

Because Santiago cannot show <u>Strickland</u> prejudice, we affirm the district court's dismissal of his § 2255 motion.

<u>AFFIRMED</u>